## MAYSE *v.* GADDIS.

EQUITY OF REDEMPTION; CLOUD UPON TITLE; EQUITY; LACHES.

1. An equity of redemption cannot be seized and sold in execution of a judgment, and a Marshal's deed made in pursuance of such a sale is a mere nullity and passes no title.
2. A deed which is a nullity on its face does not constitute a cloud upon title which equity will remove, *following* Welden *v.* Stickney, 1 App. D. C., 343.
3. In a suit to remove a cloud upon title alleged to be created by uncertainty in the reading of the record of a deed of the property made many years before the filing of the suit, which deed, as recorded, might read either lot *seventy* or lot *twenty*, it was *held* that such a question was one of fact simply, proper to be determined at law and not in equity in such a proceeding.
4. A suit in equity to remove a cloud upon title created by a trust deed made and recorded seventy-four years before the filing of the bill, will be dismissed for the laches of the complainant and those under whom he claims, although laches were not relied upon as a defense by defendants.

No. 115. Submitted November 20, 1893.—Decided December 4, 1893.

THIS was a suit in equity to remove a cloud upon title. The bill and answer and an agreed statement of facts were certified by a special term of the Supreme Court of the District of Columbia to the General Term, to be heard there in the first instance, and were transferred to this court by operation of law. *Bill dismissed.*

### AGREED STATEMENT OF FACTS.

Richard Young was seized of original lot Twenty (20), in square numbered Ten hundred and fifty-eight (1,058), in Washington city, District of Columbia, as well as many other lots in said city and District, on November 12, 1818.

On said date he made a deed of trust to William A. Bradley, to secure a debt due James B. Holmead, which said deed included many lots in said city and District, and the record of which deed may be read at the hearing of this cause, the same being recorded December 18, 1818, in liber A. T., folio 331 *et seq.*

There is no lot Seventy (70) in square Ten hundred and fifty-eight in said city, but there is a lot 20 in said square.

Said Richard Young died July 13, 1860, leaving a will duly probated, under the residuary devise of which, lot 20 in square 1,058, if owned by him at the time of his death would pass to his residuary devisees, said lot in said square not being specifically mentioned therein. Said will is duly recorded in Will Book 25, folio 104, in the office of the Register of Wills of said District.

By deed dated March 5, 1891, recorded January 30, 1892, John T. Bevans *et al.,* heirs of said Richard Young's residuary devisees, and to whom said lot was specifically assigned in a certain partition proceeding known as Walter *et al.* v. Bevans *et al.,* Eq. No. 10,826, of the Supreme Court of the District of Columbia, conveyed whatever title they had to said lot 20 in said square 1,058, to Henry C. Borden, who by deed dated January 9, 1892, recorded January 30, 1892, conveyed the same to the complainant. Said will and the records of said deeds may be read at the hearing hereof.

The defendant Margaret L. Gaddis, traces title through regular mesne conveyances in fee simple of said lot Twenty (20) in square 1,058, derived from Thomas Young, grantee, in a certain deed in fee, dated November 10, 1821, recorded in liber W. B. 3, at folio 368, one of the Land Records of the District of Columbia, from Tench Ringgold, as United

States Marshal, of said District, by virtue of a sale of said lot, under a writ of *fieri facias*, issued February 28, 1820, on a judgment of the Circuit Court of the District of Columbia, rendered on the first Monday of June, 1819, in favor of Anthony Holmead, Jr., v. Richard Young.

The deeds directly made to defendants of said property and under which they claim, are as follows:

1. Eliza W. Young *et al.* to Margaret L. Gaddis. Deed, dated June 1, 1875, recorded June 15, 1875, in liber 789, folio 57. 2. John C. Howe *et ux.* to Margaret L. Gaddis. Deed, dated December 4, 1882, recorded May 17, 1884, in liber 1,081, folio 436. 3. Amanda L. Drew *et al.* to Margaret L. Gaddis. Deed, dated December 4, 1883, recorded May 17, 1884, in liber 1,081, folio 438. 4. James T. Young *et al.* to Margaret L. Gaddis. Deed, dated November 1, 1881, recorded May 17, 1884, in liber 1,081, folio 441.

The records of all deeds or muniments of title mentioned in this stipulation may be read at the hearing of this cause.

At the time of the purchase of the property in question by the complainant, the case of Walter *et al.* v. Bevans *et al.*, Equity No. 10,826, had been determined in this court, and the case of Cox *et al.* v. Walter *et al.*, Equity No. 11,637, was pending. The records and papers in each of said causes may be referred to and read upon the hearing. The defendant Margaret L. Gaddis, has paid all the taxes on said lot 20, in square 1,058, from 1875 to 1892.

If the court be of the opinion from the foregoing statement of facts and the pleading in this cause that the complainant is entitled to the relief prayed by this bill, such relief may be granted in like manner as if the evidence of said facts had been given. And if the court be of the opinion that the defendant is entitled to the relief prayed by her in her answer, which may be considered as a cross-bill for that purpose, such relief may be granted as though evidence of such facts had been given.

*Mr. Franklin H. Mackey* and *Mr. James F. Hood* for the complainant.

1. Whether the deed of trust from Richard Young to William A. Bradley included the *locus in quo* or not is the only disputed question of fact in the case. This question of fact depends upon the reading to be given by the court of a word in the record of said deed of trust, which word complainant insists is intended to be read as *twenty*, while the defendants insist it should be read *seventy*. The word occurs in the enumerated list of lots which are conveyed by the deed to William Bradley. If it is to be taken as meaning lot twenty, then the marshal's sale of said lot was void, because at the time of said sale Richard Young owned but an equity of redemption therein, having conveyed the legal title to Bradley, and as it is well settled that a sale of an equity of redemption under a *fieri facias* passes no title to the purchaser, of course the defendants' claim of title under said deed constitutes a cloud upon complainant's legal title. *Van Ness* v. *Hyatt*, 13 Peters, 294. As to whether the written word in question is to be read as meaning lot *twenty*, or lot seventy, we submit that to read it as meaning lot *seventy* is to make the deed utterly meaningless, for it is admitted that there is no lot seventy in square 1,028, while there is a lot twenty. Furthermore, Richard Young was seized of this lot twenty, but was not seized of any lot seventy. Deeds are to be construed so as to give them effect, not to make them nullities.

A deed will be sustained if it is possible from the whole description to ascertain and identify the land intended to be conveyed. Devlin on Deeds, §1012. When a doubtful description is to be construed the court should endeavor to assume the position of the parties, the circumstances of the transaction should be carefully considered, and in the light of these circumstances, the words should be read and interpreted. Devlin on Deeds, §1012, and cases cited. A deed should be considered as intended to have some effect, and a construction making it operative will be preferred to one rendering it void, according to the maxim *ut res magis valeat quam pereat.* The rule to be pursued in ascertaining

the meaning of a word made indistinct by reason of the bad chirography of the writer must of course be the same as that followed in ascertaining the meaning of a word rendered indistinct by reason of its having been ignorantly used in a sense which it is plain does not express the idea or intention of the parties. *Cholmondeley* v. *Clinton,* 2 Jacob and W., 91.

*Mr. James Hoban* for the defendants.

1. The deed of trust relied. upon to defeat defendants' title mentions lot *seventy* and not *twenty*. There is consequently no ambiguity, or, if any, it is *patent*, and cannot be helped by averment. If a case of mistake of the scrivener it could only be corrected by bill framed for that purpose, in due time, and before the intervention of the rights of third parties. *Wood* v. *Conrad* (S. D.), 50 Northwestern Rep., 903 ; *Ruppert* v. *Haske,* 5 Mackey, 262 ; *Taylor* v. *Holmes,* 127 U. S., 489 ; *Evans* v. *Spurgin,* 11 Gratt. (Va.), 615 ; *Providence Rubber Co.* v. *Goodyear,* 9 Wall., 788. ·

2. Assuming for the purpose of argument that the trust deed above referred to contained lot *twenty* and not *seventy*, and that the marshal's deed in question is void, as appellant alleges, then a court of equity will not decree that it be set aside as a cloud on her title. *Dows* v. *Chicago,* 11 Wall., 108 ; *Hannewinkle* v. *Georgetown,* 15 Wall., 547.

3. Where the allegations of a bill show that complainant's claim is barred by laches, relief cannot be granted thereon whatever the evidence may be. *Walker* v. *Ray,* 111 Ill., 321 ; 31 Mo., 333 ; *Murphy* v. *De France* (Mo.), 15 S. W. Rep., 949 ; *Swann* v. *Thayer* (W. Va.), 14 S. E. Rep., 423 ; *Sullivan* v. *Railroad,* 94 U. S., 807.

4. In Van Ness v. Hyatt, 13 Peters, 294, relied upon by complainant, the prevailing party held a prior equity, coupled with the legal title, and there was no question of laches and stale claim. "Equity will not set aside a sale of an equitable interest, although it may be void at law." 10 Gill and Johnson (Md.), 251.

Mr. Justice SHEPARD delivered the opinion of the Court:

This is an action to remove cloud from title. Complainant alleges that Richard Young was, on November 12, 1818, seized of lot twenty, in square 1,058, in the city of Washington, and upon said date conveyed the same, together with a number of other parcels of land, to William A. Bradley, in trust to secure a debt due to James B. Holmead. This conveyance was recorded in the proper office December 18, 1818.

With respect to this instrument, complainant alleges that it stands unreleased of record, but that he is " informed and believes, and accordingly so avers, that the said indebtedness, long before the death of said · Richard Young, was either paid and satisfied, or by efflux of time had, together with the deed of trust securing the same, become barred by the statute of limitations, and said deed of trust is therefore, and has long since been inoperative for any purpose." Richard Young died July 13, 1860, leaving a will, under the general residuary devise of which the title passed to complainant's grantors, and he has been in possession of said lot since 1891, claiming thereunder.

The cloud upon his title is alleged as follows: November 20, 1820, the Marshal of the District of Columbia conveyed to one Thomas Young all the right, claim and interest of the said Richard Young in and to said lot 20, in square 1,058, by a deed which recites that it was made under and by virtue of a writ of *fieri facias* issued February 20, 1820, upon a judgment recovered in the Circuit Court of the District of Columbia, on the first Monday in June, 1819, by Anthony Holmead, Jr., against said Richard Young.

Defendants claim title by mesne conveyances under said Thomas Young.

Defendants answered setting up title to the lots substantially as stated above.

They afterwards filed a brief amendment in which they pray to have their title " ratified and confirmed." This was accompanied by a stipulation, signed by both parties, to the

effect that this amendment might be taken as a part of the original answer, and, together therewith, as a cross-bill also.

A further stipulation was filed agreeing to certain facts, which show the claims of title of the respective parties as above stated. The case was then certified by the special term to the General Term of the Supreme Court of the District, to be heard in the first instance, where, depending unheard when this court was created, it was ordered transferred thereto.

Under the facts agreed upon, Richard Young, the defendant in the execution at the time of the levy, sale and conveyance by the Marshal, had an equity of redemption only in said lot. The legal title was in the trustee, Bradley.

Under the common law, which prevails in the District of Columbia, an equity of redemption could not be seized and sold under execution. Hence, the deed of the Marshal to Thomas Young was a nullity and passed not the shadow of a title. *Van Ness* v. *Hyatt*, 13 Pet., 294.

This being the case, under the rule announced by this court in *Welden* v. *Stickney*, 1 App. D. C., 343, complainant is not entitled to the relief prayed for.

Complainant, however, insists that this conveyance is a cloud upon his title as shown by the evidence in the case, because the record of the trust deed from Richard Young to Bradley reads in such way as that it may appear to an examiner to convey lot *seventy* instead of lot *twenty*, in square 1,058. He has offered evidence without objection from the defendants, consisting of a photographic copy of the page of the record book showing the description of the lots in the trust deed as thereon copied, and claims that the word which looks like *seventy* is really *twenty*. It appears in evidence also that there is a lot *twenty*, but no lot *seventy* in square 1,058.

Complainant calls this uncertainty as to the real word in the record, an ambiguity; and on the ground that there is a lot twenty, but no lot seventy, in square 1,058, claims that the record must be made to read so as to give effect to the trust

deed, "according to the maxim *ut res magis valeat, quam pereat.*"

There is no other evidence on this point. No inquiry seems to have been made for the original trust deed, of which the record was made. There is no evidence of possession of the lot by any person whatsoever until complainant entered and enclosed it in 1891. No taxes were paid by Richard Young, or any one claiming under him.

Complainant denies that his bill contemplates a reformation of the trust deed or the record, so as to cure or correct a mistake therein. On the contrary, he says that he cannot proceed with that view because there is no mistake in the record, but only an ambiguity, for that it really reads lot *twenty* instead of lot *seventy*.

The sole question which he asks us to decide then is this: Does the record of the instrument read lot *twenty* or lot *seventy* ?

From the facts stated it necessarily follows that if the word be *twenty* complainant has a title good at law and in equity ; if it be *seventy* the defendant's title is perfect.

This question, however, we do not feel called upon to decide. It is one of simple fact proper to be determined in an action at law. Neither shall we express an opinion with respect to any possible relief in equity that complainant might, by further pleading, show himself entitled to, because the bill must be dismissed on account of the gross and apparently inexcusable *laches* of complainant and those under whom he claims. The trust deed was made and recorded seventy-four years before the bill was filed.

The Marshal's sale and conveyance were made less than two years after the record of the trust deed.

It is true that defendant has not demurred to the bill, nor relied upon the defense of stale demand by any averment in the answer, but this cannot prevent the court from refusing relief on that ground. In a case of such gross laches, courts of equity will, of their own motion, refuse to entertain the bill. *Badger* v. *Badger*, 2 Wall., 87 ; *Sullivan* v. *Portland*

*& Kennebec R. R. Co.,* 94 U. S., 806; *Richards* v. *Mackall,* 124 U. S., 183.

The cross-bill of defendant must be dismissed also for the same reason. If they have any equitable right in the premises, their laches has been as great and as inexcusable as complainant's.

After this long sleep upon their respective rights, all that a court of equity can do is to dismiss them both without prejudice to any action either may take to assert his title in a court of law.

*This cause will be remanded to the Supreme Court of the District of Columbia for the passage of a final decree in accordance with this opinion, each party to pay one-half the costs accrued in the cause.*